# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID STAPLES AND DEBRA STAPLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-05934** |
| **COVENTRY HEALTH CARE OF LOUISIANA, INC.** | **SECTION "K"** |

## ORDER AND OPINION

Before the Court is defendant Coventry Health Care of Louisiana, Inc.'s "Motion for Summary Judgment" pursuant to Federal Rule of Civil Procedure 56(c). Doc. 6. Defendant fails to establish an absence of any genuine issue of material fact. Accordingly, defendant's motion for summary judgment is DENIED.

## BACKGROUND

On March 19, 2005, David Staples ("Staples") and his wife, Debra Staples ("Mrs. Staples"), were involved in a single motor-vehicle accident ("the accident"), resulting in injury to both persons and a criminal charge against Staples for driving while intoxicated. Staples was tested twice for blood alcohol concentration following the accident. The first test was administered 14 minutes after Staples's arrival at the hospital and returned a result of 0.089. The second test, the timing of which is unclear, returned a result of 0.04. Although covered under an ERISA health insurance policy issued by Coventry ("defendant"), Staples was denied coverage for his injuries pursuant to the intoxication exclusion ("the provision")[1]. The provision provides in pertinent part that "[a]ny services or supplies that are required to treat an injury a contributing cause of which was the Member's . . . (iii) driving while intoxicated . . . are excluded from

---

[1] Coventry paid the medical bills for Mrs. Staples's injuries pursuant to the policy.

coverage under this Agreement." Doc. 6-5. Defendant relied primarily on the initial blood test in determining that Staples was in violation of the provision. Doc. 1.

Staples maintained that he was not intoxicated at the time of the accident and filed two appeals with defendant, both of which were denied. Subsequently, the criminal charges against Staples for driving while intoxicated were dismissed. Doc. 1. Staples and Mrs. Staples then filed suit against defendant seeking, among other things, the benefits owed under the health insurance plan and compensatory damages for emotional distress. Thereafter, defendant filed the instant motion for summary judgment. Doc. 6. Defendant asserts that there is no genuine issue of material fact and that summary judgment is proper. Staples contends that the ambiguity of the provision and the dispute over whether he was intoxicated at the time of the accident present genuine issues of material fact that warrant a trial.

MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial responsibility of showing the court that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While the non-moving party must present affirmative evidence to defeat a properly supported motion for summary judgment, it need only be evidence from which a jury might return a verdict in his favor and need not be conclusive. *Anderson*, 477 U.S. at 249, 257. In reviewing a motion

2

for summary judgment, all "materials must be viewed in the light most favorable to the non-moving party." *Foster v. Swift & Co.*, 615 F.2d 701, 702 (5th Cir. 1980).

Based on the motion, replies, and files in the record, there are two material fact issues, precluding a grant of summary judgment: (1) whether Staples was intoxicated at the time of the accident pursuant to the provision; and (2) whether the alleged intoxication was a contributing cause of the accident, leading to the injuries Staples sustained.

## I. INTOXICATION AT TIME OF THE ACCIDENT

There is insufficient evidence to establish that Staples was intoxicated at the time of the accident pursuant to the provision. Because the exclusionary language of the provision refers to driving while "intoxicated" but fails to define the term, the Court must look to Louisiana jurisprudence. "In Louisiana, an intoxication exclusion [in insurance policies] operates where the insurance company demonstrates by a preponderance of the evidence that the insured was intoxicated to the point that he lost normal control of his mental and physical faculties and that the intoxication was a contributing cause of the accident." *Smith v. Liberty Life Ins. Co.*, 535 F.3d 308, 315 (5th Cir. 2008). Defendant fails to satisfy the *Smith* standard.

First, there is a genuine issue of material fact concerning whether Staples was legally intoxicated at the time of the accident. "The crime of operating a vehicle while intoxicated is the operating of any motor vehicle . . . when: (a) The operator is under the influence of alcoholic beverages; or (b) The operator's blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood." Although it is undisputed that an initial blood test indicated an alcohol concentration of 0.089, a subsequent blood test indicates that Staples was below the legal limit at 0.04. Defendant relies on the initial

3

test, and Staples relies on the second, maintaining that he was not intoxicated at the time of the accident. Because neither party can provide an exact timestamp of when the second test took place, it is unclear which test should be used. Therefore, there remains a genuine issue of material fact over whether Staples was over the legal limit at the time of the accident.

Second, even if the initial blood test prevails, indicating a blood alcohol concentration over the legal limit, it is insufficient on its own to determine that Staples was intoxicated. Although in criminal proceedings a blood alcohol concentration of 0.08 percent or more by weight gives rise to the presumption of intoxication, no such presumption applies in civil proceedings. *See* La. R.S. 32:662. There must be evidence that Staples "was intoxicated to the point that he lost normal control of his mental and physical faculties." *Smith*, 535 F.3d at 315. Essentially, defendant must provide "expert testimony relating to the effects of such a level [of alcohol] upon a person's ability to operate a motor vehicle." *Moore v. Central American Life Ins. Co.*, 535 So. 2d 773, 777 (La. App. 2 Cir. 1988).

In addition to the initial blood test, defendant relies on observations of eyewitnesses and emergency medical personnel in asserting that Staples was intoxicated. Doc. 6-1. The two eyewitnesses driving on the same highway as Staples stated in the police report that the vehicle was halfway off the road, going too fast to correct itself, and then hit a pole on the side of the road. Doc. 6-6. The medical report created by Acadian Ambulance Service notes "probable etoh use" on patient. Doc. 11. Defendant provides no depositions or other sworn testimony, and defendant fails to provide any testimony regarding the effects of alcohol on Staples and his ability to operate a motor vehicle. Therefore, there is a genuine issue of material fact regarding whether Staples was intoxicated at the time of the accident pursuant to the terms of the

4

provision.

## II. INTOXICATION A CONTRIBUTING CAUSE OF THE ACCIDENT

Defendant fails to establish that Staples's alleged intoxication was a contributing cause of the injuries resulting from the accident. The provision excludes coverage for injuries when a "contributing cause" of said injuries was the insured's driving while intoxicated. Doc. 6-5. Additionally, "[i]n Louisiana, an intoxication exclusion [in insurance policies] operates where the insurance company demonstrates by a preponderance of the evidence that the insured was intoxicated to the point that he lost normal control of his mental and physical faculties *and that the intoxication was a contributing cause of the accident*." *Smith*, 535 F.3d at 315 (emphasis added). While defendant need not prove that intoxication was the only cause of the accident or resulting injuries, defendant must prove that intoxication was at least a contributing cause. *Id.* at 317. Defendant has provided no evidence regarding causation of the accident, other than eyewitness accounts of speeding. Doc. 6-1. Without demonstrating that intoxication was a factor contributing to the accident and sustained injuries, defendant fails to prove that plaintiff violated the provision.

Defendant fails to satisfy the Rule 56 summary judgment standard. Accordingly, defendant's motion is DENIED.

New Orleans, Louisiana, this 27th day of July, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE